## GOLD & STOCK TELEGRAPH CO. *v.* COMMERCIAL TELEGRAPH CO.

*(Circuit Court, S. D. New York.   January 13, 1885.)*

PATENTS FOR INVENTIONS — PRELIMINARY INJUNCTION — VALIDITY OF CLAIMS DOUBTFUL—EXPIRATION OF PATENT.

A motion for a temporary injunction is not designed for the adjudication of doubtful questions which have not previously been discussed, and in this case the construction of the second claim of reissued patent No. 3,810, dated January 25, 1870, granted to the Gold & Stock Telegraph Company, as assignee of Edward H. Calahan, for an improvement in telegraphic printing instruments for registering gold, stocks, etc.; and its infringement by the Steven D. Field patent cannot be passed upon, notwithstanding the fact that the life of the patent is rapidly approaching its close.

In Equity.

*C. L. Buckingham* and *Dickerson & Dickerson*, for plaintiff.

*Samuel A. Duncan* and *Roscoe Conkling*, for defendants.

SHIPMAN, J.   This is a motion for a preliminary injunction against the alleged infringement of reissued letters patent No. 3,810, dated January 25, 1870, granted to the Gold & Stock Telegraph Company, as assignees of Edward A. Calahan, for an improvement in telegraphic printing instruments for registering gold, stocks, etc. The original patent was granted April 21, 1868. The reissued patent contains five claims, the second of which is said to be infringed by the defendants by the use of a patented machine invented by Stephen D. Field. No adjudication has been had upon the Calahan patent, except in the case, in this court, of the present plaintiff against Charles J. Wiley, 17 FED. REP. 234, wherein the validity of the third claim only was involved. The principal question in this case, viz., as to the construction of the words "jointly or separately" in the second claim, did not arise in the *Wiley Case*. The present bill was filed on May 29, 1883, at which time the defendants had 20 Field printing instruments in process of construction. Before that time they had used the instrument for the purpose of experiment. The plaintiff's *prima facie* case was closed on July 23, 1884. The difficulty of ascertaining and proving the construction of the Field machine was a cause of delay; therefore no testimony has been taken by the defendants, although the time designated by the court in which to take and close their proofs has expired. They have presented before me divers affidavits in which their defense is set forth.

The principal question in the case is the construction of the word "jointly" in the second claim, and when I add that it is substantially

agreed that the state of the art in two-wheel printing, at the date of the original Calahan patent, is represented in the Johnson or Theiler mechanism, the question may seem to be a very simple one, but the plaintiff's proofs, and the defendant's affidavits, show that it is really one upon which much learning, skill, and time may be profitably employed, and which is not of ready solution. The reason why the motion is pressed, under this state of facts, is obvious, and is not concealed. The Calahan patent will certainly expire on April 21, 1885. It is said by the defendants that it will expire on March 16, 1885, by reason of the expiration at that date of the English patent for the invention. Necessary delays have occurred in the taking of the plaintiff's *prima facie* proofs. The defendants have not been in haste in taking their testimony, and the life of the patent is rapidly approaching its close. There is a strong and very urgent motive to have a decision upon the question in the case before the invention is open to the public. Assuming that the whole testimony is before the court, and that it has been completely presented and can be thoroughly studied on this motion, the fact still remains that a temporary injunction is being sought upon a question which now arises for the first time, and which must be examined with the care and patience necessarily incident to a case wherein men's minds must differ. In other words, the attempt is made to make a motion for a temporary injunction applicable to a state of facts to which such a motion is not adapted. It is no answer to the argument that upon a motion for an injunction, *pendente lite*, the question must be susceptible of ready answer, and the case must be free from reasonable doubt, to say that this whole case is now before the court, and that the questions, after the state of the art is ascertained, are those of law which can be settled as well now as at final hearing; because a motion for a temporary injunction is not designed for the adjudication of doubtful questions which have not previously been discussed. While I understand the pecuniary damage to the plaintiff arising from delay, if its rights are being infringed, the history of the case shows and my examination of it satisfies me that the question is one which is open, and which needs the attention usually given to cases upon final hearing. The motion is denied.